**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **Criminal No. 19-377** |
| | ) | |
| **MICAH HARRIS** | ) | |

**Memorandum Order**

Defendant Micah Harris has filed a Motion for Early Termination of Supervised Release, pursuant to 18 U.S.C. § 3583(e)(1). ECF No. 78. The government has filed a Response indicating it has no objection to the Court granting the motion for early termination. ECF No. 82. The United States Probation Office's "Report of Status of Person Under Supervision with Respect to Early Termination, Pursuant to Guide to Judiciary Policy, Vol. 8E, Ch. 3," that confirms that Mr. Harris meets the criteria for early termination. ECF No. 80. The Report also states that Mr. Harris "has not presented an identified risk of harm to the public," he has not had any "court reported violations over the last 12 month period," he has satisfied his restitution obligations, he is employed, and he has prosocial support. *Id.* at 2-3. In addition, the Probation Office filed a confidential Recommendation with Respect to Early Termination, recommending that early termination be granted. ECF No. 81 (under seal).

Following review of Mr. Harris's Motion, the government's Response, the Probation Officer's position, all relevant filings from Mr. Harris's criminal case, and Mr. Harris's conduct while on supervision, the Court concludes that early termination of Mr. Harris's

supervised release is warranted.[1] All evidence tends to show that he has been rehabilitated and continues on a path of rehabilitation. The Court is confident that early termination will not jeopardize the safety of the community.

After considering an individualized assessment, and after reviewing the factors to be considered for early termination of supervised release as set forth in 18 U.S.C. § 3583(e)(1), the relevant factors set forth in 18 U.S.C. § 3553(a), and the factors set forth in § 5D1.4, comment. n.1(B), the Court finds that it is in the interest of justice to terminate Mr. Harris's supervised release at this time.

Accordingly, the following Order is hereby entered.

AND NOW, this 13th day of September 2026, it is hereby ORDERED, that Micah Harris's Motion for Early Termination of Supervised Release, pursuant to 18 U.S.C. § 3583(e)(1), ECF No. 78, is GRANTED.

IT IS FURTHER ORDERED that Micah Harris's term of supervised release is terminated.

__s/*Marilyn J. Horan*
Marilyn J. Horan
United States District Court Judge

[1] A court may "terminate a term of supervised release and discharge the defendant after the expiration of one year of supervised release," if the court "is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). The United States Sentencing Guidelines § 5D1.4(b), in accord with 18 U.S.C. § 3583(e)(1), state that a court may terminate a defendant's remaining term of supervised release "[a]ny time after the expiration of one year of supervised release and after an individualized assessment of the need for ongoing supervision." § 5D1.4(b). In making this determination, the Court must consider the factors set forth in 18 U.S.C. § 3553(a).